BRENDA H. ENTZMINGER
Nevada Bar No. 9800
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DANIELLE JORGENSEN and EBODIO MENDOZA,<br><br>    Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation, dba WAL-MART STORE #2837; DOES EMPLOYEES I through X; and ROE CORPORATIONS XI through XX,<br><br>    Defendants. | [Clark County Case No.:  A-14-709736-C; Dept No.:  XXVII]<br><br>**DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WAL-MART STORES, INC., by and through its attorneys, the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, and hereby submits and respectfully shows:

I.

Petitioner Walmart is a Defendant in the above-entitled action.

II.

The above-entitled action was commenced by Plaintiffs DANIELLE JORGENSEN and EBODIO MENDOZA ("Plaintiffs") on November 12, 2014, in the Eighth Judicial District Court in and for Clark County, District of Nevada, and is now pending in that Court. Plaintiffs served their Complaint and Summons on Petitioner Walmart on January 15, 2015. True and correct copies of the Summons and Complaint are attached hereto as Exhibit A ("Exh. A") and Exhibit B ("Exh. B"), respectively. The Complaint is the "first paper" received by Petitioner from which removability may

- 1 -

be ascertained.

III.

This Petition is filed timely, pursuant to 28 United States Code Section 1446 (b).

IV.

This action is a civil action over which this Court has jurisdiction pursuant to 28 United States Code Section 1332(a), and is one which may be removed to this Court by Petitioner, pursuant to 28 United States Code Section 1441(a).

V.

Petitioner Walmart is informed, believes, and thereon alleges that Plaintiffs DANIELLE JORGENSEN and EBODIO MENDOZA, as individuals, are, and were at the time this action was commenced, citizens of the State of Nevada.

VI.

Petitioner Walmart is, and was at the time this action was commenced, a Delaware Corporation with its principal place of business in the State of Arkansas, and, therefore, a citizen of the State of Delaware and a citizen of the State of Arkansas.

VII.

This Petition for Removal is filed with the Court within thirty (30) days after Petitioner Walmart's receipt of Plaintiff's Complaint, the "first paper" from which the amount in controversy may be ascertained in this action. *See* 28 U.S.C. §1446(b). Plaintiffs seek general damages, special damages, punitive and/or exemplary damages, costs of suit and attorneys' fees and costs.

The Court may consider punitive damages in its determination of the amount in controversy if two prerequisites are met:

First, Nevada state law must allow for recovery of punitive damages. *Anthony v.Sec Pac. Fin. Servs, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Nevada state law allows for punitive damages in

premises liability actions. *See* Nev. Rev. Stat. §42.005. Plaintiff may recover three times the amount of compensatory damages, so long as the compensatory damages awarded total $100,000 or more. *Id.* If the compensatory damages total less than $100,000, Plaintiff may recover up to $300,000 in punitive damages. *Id*.

Second, if state law allows for punitive damages, which Nevada law does, this Court has jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to receive the jurisdictional amount." *Anthony*, 75 F.3d at 315 (citations omitted). In light of Plaintiffs' claims for general damages in excess of $10,000; special damages in excess of $10,000; punitive and/or exemplary damages; damages for great pain of body and mind; damages for permanent and disabling conditions; damages for future medical care and treatment; and damages for loss of comfort, affection, services, companionship and consortium, Plaintiffs may well recover well over $75,000 in damages. Thus, it is wholly appropriate for the Court to consider the potential punitive damages as part of the amount in controversy.

It is, therefore, wholly reasonably that these cumulative claims for damages meet the requisite amount in controversy under 28 U.S.C. §1441(b).

//

//

//

//

//

//

//

//

//

//

## PRAYER

WHEREFORE, Petitioner Walmart prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

DATED this 4th day of February, 2015.

**PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Brenda H. Entzminger*
_____
BRENDA H. ENTZMINGER
Nevada Bar No. 9800
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## **DECLARATION OF BRENDA H. ENTZMINGER**

I, Brenda H. Entzminger, declare as follows:

1. I am an attorney, duly licensed and authorized to practice law within the courts of the State of Nevada.

2. I am a partner in the law firm of PHILLIPS, SPALLAS & ANGSTADT, LLC, representing Petitioner WAL-MART STORES, INC. in the case of *DANIELLE JORGENSEN and EBODIO MENDOZA v. WAL-MART STORES, INC.,* Clark County Case No.: A-14-709736-C; filed in Dept. No. XXVII of the Eighth Judicial District Court, in and for Clark County, Nevada. I have prepared and read the foregoing *Petition for Removal of Civil Action* and know the matters set forth to be true and correct to the best of my knowledge and belief.

3. Petitioner Wal-Mart Stores, Inc. is a Delaware corporation with its headquarters in the State of Arkansas, and is therefore a citizen of the State of Delaware and a citizen of the State of Arkansas.

4. On February 4, 2015, I caused to be filed with the County Clerk of the Eighth Judicial District Court, in and for Clark County, Nevada, a Notice of Filing Petition for Removal, seeking removal of the above-mentioned action to the United States District Court, District of Nevada, together with a copy of the Petition for Removal, and Plaintiffs' Summons (attached hereto as Exhibit "A")s and Complaint (attached hereto as Exhibit "B"), which is the first paper from which removability may be ascertained, by filing the same via the Court's electronic filing system.

This Petition for Removal is filed with the Court within thirty (30) days after Petitioner Walmart's receipt of Plaintiff's Complaint, the "first paper" from which the amount in controversy may be ascertained in this action. *See* 28 U.S.C. §1446(b). Plaintiffs seek general damages, special damages, punitive and/or exemplary damages, costs of suit and attorneys' fees and costs.

The Court may consider punitive damages in its determination of the amount in controversy if two prerequisites are met:

First, Nevada state law must allow for recovery of punitive damages. *Anthony v.Sec Pac. Fin. Servs, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996). Nevada state law allows for punitive damages in premises liability actions. *See* Nev. Rev. Stat. §42.005. Plaintiff may recover three times the amount of compensatory damages, so long as the compensatory damages awarded total $100,000 or more. *Id.* If the compensatory damages total less than $100,000, Plaintiff may recover up to $300,000 in punitive damages. *Id*.

Second, if state law allows for punitive damages, which Nevada law does, this Court has jurisdiction unless "it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to receive the jurisdictional amount." *Anthony*, 75 F.3d at 315 (citations omitted). In light of Plaintiffs' claims for general damages in excess of $10,000; special damages in excess of $10,000; punitive and/or exemplary damages; damages for great pain of body and mind; damages for permanent and disabling conditions; damages for future medical care and treatment; and damages for loss of comfort, affection, services, companionship and consortium, Plaintiffs may well recover well over $75,000 in damages. Thus, it is wholly appropriate for the Court to consider the potential punitive damages as part of the amount in controversy.

It is, therefore, wholly reasonably that these cumulative claims for damages meet the requisite amount in controversy under 28 U.S.C. §1441(b).

//

//

//

//

//

//

//

5.  I caused to be served a copy of the *Notice of Filing Petition for Removal* and the *Petition for Removal* upon Plaintiffs by depositing it in the United States Mail, on February 4, 2015, in an envelope with the correct postage affixed and properly addressed to:

> Ryan A. Anderson, Esq.
> **ANDERSON LAW FIRM, LTD.**
> 415 South 6th Street, Suite 203B
> Las Vegas, Nevada 89101

DATED this 4th day of February, 2015.

I declare, under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

> **PHILLIPS, SPALLAS & ANGSTADT LLC**
>
> */s/ Brenda H. Entzminger*
> _____
> BRENDA H. ENTZMINGER
> Nevada Bar No. 9800
> 504 South Ninth Street
> Las Vegas, Nevada 89101
> (702) 938-1510
>
> *Attorneys for Defendant*
> *Wal-Mart Stores, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of February, 2015, I served a true and correct copy of the foregoing, **DEFENDANT WAL-MART STORES, INC.'S PETITION FOR REMOVAL OF CIVIL ACTION AND JURY DEMAND**, by facsimile and by U.S. Mail, in a sealed envelope, first-class postage fully prepaid, addressed to the following counsel of record, at the address listed below:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| ANDERSON LAW FIRM, LTD.<br>Ryan A. Anderson, Esq.<br>Nevada Bar No. 12321<br>415 South 6th Street, Suite 203B<br>Las Vegas, Nevada 89101 | Phone 702-522-1992<br>Fax     702-825-2824 | Plaintiff |

*/s/ Breane P. Stryker*
_____
An Employee of PHILLIPS, SPALLAS & ANGSTADT LLC