Electronically Filed
11/12/2014 03:17:01 PM

CLERK OF THE COURT

COMP

ANDERSEN LAW FIRM, LTD.
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
415 South 6th Street, Suite 203B
Las Vegas, Nevada 89101
Email: randersen@andersenlawlv.com
Phone: 702-522-1992
Fax:   702-825-2824

Attorney for Plaintiffs

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| DANIELLE JORGENSEN and EBODIO MENDOZA, <br><br> Plaintiffs, <br><br> v. <br><br> WAL-MART STORES, INC., a Delaware corporation, dba WAL-MART STORE # 2837; DOE EMPLOYEES I through X; and ROE CORPORATIONS XI through XX, <br><br> Defendants. | Case No. A-14-709736-C <br> Dept. No. XXVII <br><br> **COMPLAINT** |

Plaintiffs DANIELLE JORGENSEN ("Jorgensen") and EBODIO MENDOZA ("Mendoza" and, with Jorgensen, "Plaintiffs"), through their counsel, complain against Defendants as follows:

### PARTIES

1. Plaintiff Jorgensen is, and at all times relevant hereto was, a natural person and a resident of Clark County, Nevada.

2. Plaintiff Mendoza is, and at all times relevant hereto was, a natural person and a resident of Clark County, Nevada.

3. Upon information and belief, Defendant Wal-Mart Stores, Inc., dba Wal-Mart Store #2837 is, and at all times relevant hereto was, a Delaware corporation. Defendant Wal-Mart Stores,

1  Inc. is, and at all times relevant hereto was, authorized to transact business in the State of Nevada and
2  regularly conducts business in Clark County, Nevada.

3    4.  The true names and capacities, whether individual, corporate, association, or otherwise,
4  of DOE EMPLOYEES I through X, inclusive, are unknown to Plaintiffs, who therefore sue such
5  Defendants by these fictitious names. Plaintiffs are informed and believe that each of these Defendants
6  are responsible in some manner for the events and happenings referred to, and in some manner caused
7  the injuries and damages proximately thereby to Plaintiffs as alleged herein. Plaintiffs will seek leave
8  of this Court to amend their Complaint to insert true names and capacities when such Defendants have
9  been ascertained to join such Defendants in this action.

10    5.  The true names and capacities of ROE CORPORATIONS XI through XX, inclusive,
11  are unknown to Plaintiffs, who therefore sue such Defendants by these fictitious names. Plaintiffs are
12  informed and believe that each of these Defendants are responsible in some manner for the events and
13  happenings referred to, and damages caused thereby to Plaintiffs as alleged herein. Plaintiffs will ask
14  leave of this Court to amend their Complaint to insert true names and capacities when such Defendants
15  have been ascertained to join such Defendants in this action.

## JURISDICTION AND VENUE

17    6.  Plaintiffs repeat and re-allege paragraphs 1 through 5 as if fully set forth herein.

18    7.  Pursuant to NRS 4.370(1)(b), the Court has jurisdiction over this case as the damages
19  caused by Defendants exceed $10,000 in value.

20    8.  Venue is proper as all events relevant to this case occurred in Clark County, Nevada.

## GENERAL ALLEGATIONS

22    9.  Plaintiffs repeat and re-allege paragraphs 1 through 9 as if fully set forth herein.

23    10. At all times relevant hereto, Defendants were the owners, operators, maintainers,
24  managers, inspectors, supervisors, and controllers of the premises and common areas generally known
25  as Wal-Mart Store #2837, located at or near 4350 N. Nellis Blvd., Las Vegas, Nevada 89115.

26    11. On or about March 18, 2014, Defendants, in the course and scope of their employment
27  and/or agency with other Defendants, negligently failed to maintain, manage, inspect, supervise, and

1 control their business premises and further failed to warn Plaintiff Jorgensen, of hazards that resulted in Plaintiffs' injuries and harms.

12. As a direct and proximate result of Defendants' negligence, Plaintiff Jorgensen slipped and fell, was seriously injured, and was caused to suffer great pain of body and mind, some of which injuries have resulted in permanent and disabling conditions, all to her general damage in an amount in excess of $10,000 in value, and, further, Plaintiff Jorgensen may be required to incur additional expenses for medical care and treatment in the future.

## FIRST CLAIM FOR RELIEF

### Negligence

13. Plaintiffs repeat and re-allege paragraphs 1 through 12 as if fully set forth herein.

14. On or about March 18, 2014, Defendants, in the scope of their employment and/or agency with other Defendants, negligently failed to maintain, manage, inspect, supervise, and control their business premises and further failed to warn Plaintiff Jorgensen of hazards that resulted in serious injuries and harms to Plaintiff Jorgensen.

15. Defendants each owed Plaintiff Jorgensen a duty of care, and this duty of care required, among other things, Defendants to keep their business premises in a reasonably safe condition.

16. Defendants breached their duty of care by their negligent, careless, wanton, willful, and indifferent failure to act, including without limitation the negligent and improper maintenance, management, inspection, supervision, and control of their business premises.

17. As a direct and proximate result of Defendants' conduct, as such conduct is described herein, Plaintiff Jorgensen has sustained damages in excess of $10,000.

18. Defendants have acted willfully and maliciously, or, alternatively, with conscious disregard to known harmful consequences, and, as a result of Defendants' wrongful conduct, Plaintiffs are entitled to an award of exemplary and/or punitive damages.

19. As a result of Defendants' conduct, as such conduct is set forth herein, Plaintiffs have been required to retain the services of an attorney, have been damaged as a direct and foreseeable consequence thereof, and are entitled to an award of reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Corporate Negligence/Vicarious Liability

20. Plaintiffs repeat and re-allege paragraphs 1 through 19 as if fully set forth herein.

21. Defendant Wal-Mart Stores, Inc.'s employees were acting in the scope of their employment, under Defendant's control, and in furtherance of Defendant's interest at the time their actions ultimately caused injuries to Plaintiff Jorgensen.

22. Defendant Wal-Mart Stores, Inc. is vicariously liable for damages resulting from their agents' and/or employees' negligent actions and/or omissions against Plaintiff, all made within the scope of their employment with Wal-Mart Stores, Inc.

23. As a result of the negligent acts/and or omissions of Defendant Wal-Mart Stores, Inc's employees, Defendant breached its duty to Plaintiffs by failing to employ, train, and supervise employees, as it is required to do to protect its customers from foreseeable harm.

24. As a direct and proximate result of Defendants' conduct, Plaintiff Jorgensen was seriously injured, and caused to suffer great pain of body and mind, some of which injuries have resulted in permanent and disabling conditions, all to her general damage in an amount in excess of $10,000 in value, and, further, Plaintiff Jorgensen may be required to incur additional expenses for medical care and treatment in the future.

25. Defendants have acted willfully and maliciously, or, alternatively, with conscious disregard to known harmful consequences, and, as a result of Defendants' wrongful conduct, Plaintiffs are entitled to an award of exemplary and/or punitive damages.

26. As a result of Defendants' conduct, as such conduct is set forth herein, Plaintiffs have been required to retain the services of an attorney, have been damaged as a direct and foreseeable consequence thereof, and are entitled to an award of reasonable attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### Loss of Consortium

27. Plaintiffs repeat and re-allege paragraphs 1 through 25 as if fully set forth herein.

28. Plaintiff Mendoza, as Plaintiff Jorgensen's fiancé, was and is entitled to the society, comfort, affection, services, companionship, and consortium of Plaintiff Jorgensen.

29. As a direct and proximate result of Defendants' conduct, Plaintiff Mendoza has been denied the society, comfort, affection, services, companionship, and consortium of Plaintiff Jorgensen.

30. Defendants have acted willfully and maliciously, or, alternatively, with conscious disregard to known harmful consequences, and, as a result of Defendants' wrongful conduct, Plaintiffs are entitled to an award of exemplary and/or punitive damages.

31. As a result of Defendants' conduct, as such conduct is set forth herein, Plaintiffs have been required to retain the services of an attorney, have been damaged as a direct and foreseeable consequence thereof, and are entitled to an award of reasonable attorneys' fees and costs.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request the Court enter judgment and grant relief as follows:

1. For an award of general damages in an amount in excess of $10,000;

2. For an award of special damages in an amount in excess of $10,000;

3. For an award of punitive and/or exemplary damages to punish Defendants and deter similar conduct by others;

4. For an award of costs of suit, pre-judgment interest, post-judgment interest, and attorneys' fees and costs; and

5. For an award of such other and further relief as the Court deems just and proper.

Dated this 12th day of November, 2014.

Respectfully submitted by:

**ANDERSEN LAW FIRM, LTD.**

By: /s/ Ryan A. Andersen
Ryan A. Andersen, Esq.
Nevada Bar No. 12321
415 South 6th Street, Suite 203B
Las Vegas, Nevada 89101

Attorney for Plaintiffs