BRENDA H. ENTZMINGER
Nevada Bar No. 9800
AMTOJ S. RANDHAWA, ESQ.
Nevada Bar No. 13746
**PHILLIPS, SPALLAS & ANGSTADT LLC**
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIELLE JORGENSEN and EBODIO MENDOZA,<br><br>                              Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware corporation, dba WAL-MART STORE #2837; DOES EMPLOYEES I through X; and ROE CORPORATIONS XI through XX,<br><br>                              Defendants. | Case No.: 2:15-CV-00198-RFB-PAL<br><br>**STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS DANIELLE JORGENSEN AND EBODIO MENDOZA AND DEFENDANT WAL-MART STORES, INC.** |

## STIPULATED PROTECTIVE ORDER

The parties to this action, Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant"), and Plaintiffs, Danielle Jorgensen and Ebodio Mendoza, by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1.      The Protective Order shall be entered pursuant to *the Federal Rules of Civil Procedure.*

2.      The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:

(a)      Any and all documents referring or related to confidential and proprietary human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant and/or Defendant's organizational

- 1 -

structure;

    (b)    Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

    (c)    Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

    (d)    Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3.    In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential.  Defendant will use its best efforts to limit the number of documents designated Confidential.

4.    Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient.  All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5.    Qualified recipients shall include only the following:

    (a)    In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

    (b)    Deposition notaries and staff;

    (c)    Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

    (d)    Deponents during the course of their depositions or potential witnesses of this case; and

    (e)    The parties to this litigation, their officers and professional employees.

6.        Each counsel shall be responsible for providing notice of the Protective Order and the terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of the Protective Order.

Persons to whom confidential information is shown shall be informed of the terms of this Order and advised that its breach may be punished or sanctioned as contempt of the Court.  Such deponents may be shown Confidential materials during their deposition but shall not be permitted to keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the Confidential Information.

If either party objects to the claims that information should be deemed Confidential, that party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the Confidential materials that the information should not be so deemed, and the parties shall attempt first to dispose of such disputes in good faith and on an informal basis.  If the parties are unable to resolve their dispute, they may present a motion to the Court objecting to such status.  The information shall continue to have Confidential status during the pendency of any such motion.

7.        No copies of Confidential Information shall be made except by or on behalf of attorneys of record, in-house counsel or the parties in this action.  Any person making copies of such information shall maintain all copies within their possession or the possession of those entitled to access to such information under the Protective Order.

8.        Any party that inadvertently discloses or produces in this action a document or information that it considers privileged or otherwise protected from discovery, in whole or in part, shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure or production if, within 14 days of discovering that such document or information has been disclosed or produced, the producing party gives written notice to the receiving party identifying the document or information in question, the asserted privileges or protection, and the grounds there for, with a

request that all copies of the document or information be returned or destroyed.  Upon receipt of any such notice, the receiving party shall return or destroy the inadvertently disclosed documents.

9.      The termination of this action shall not relieve the parties and persons obligated hereunder from their responsibility to maintain the confidentiality of information designated confidential pursuant to this Order.

10.      Within thirty (30) days of the final adjudication or resolution of this Lawsuit, the party receiving Confidential Information shall return all Confidential Material, including all copies and reproductions thereof, to counsel for the designating party.

11.      Nothing in this Order shall be construed as an admission to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

12.      Nothing in the Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order.

DATED this 21st day of July, 2015.

**WAX LAW**                                              **PHILLIPS, SPALLAS & ANGSTADT LLC**

*/s/ Adam Wax*                                          */s/ Amtoj S. Randhawa*
_____          _____
ADAM WAX, ESQ.                                     AMTOJ S. RANDHAWA, ESQ.
Nevada Bar No. 12126                            Nevada Bar No. 13746
400 S. Fourth Street, Suite 500              504 South Ninth Street
Las Vegas, Nevada 89101                      Las Vegas, Nevada 89101
(702) 897-0082                                         (702) 938-1510

*Attorney for Plaintiffs*                            *Attorneys for Defendant*
*Danielle Jorgensen and Ebodio Mendoza*      *Wal-Mart Stores, Inc.*

**IT IS SO ORDERED** this 27th day of July, 2015.

UNITED STATES MAGISTRATE JUDGE

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on the 21st day of July, 2015, I served a true and correct copy of the

3

foregoing **STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFFS DANIELLE**

4

**JORGENSEN AND EBODIO MENDOZA AND DEFENDANT WAL-MART STORES, INC.**,

5

6

by facsimile to the following counsel of record, at the address listed below:

7

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| WAX LAW<br>Adam J. Wax, Esq.<br>Nevada Bar No. 12126<br>400 S. Fourth Street, Suite 500<br>Las Vegas, Nevada 89101 | Phone: 702-897-0082<br>Fax:     702-551-6250 | Plaintiff |

8

9

10

11

12

*/s/ Amtoj S. Randhawa*

An Employee of PHILLIPS, SPALLAS & ANGSTADT LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28